## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIMOMBI NSHOM | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| ALLSTATE CORPORATION, ET. AL. | * | |
| | * | |
| DEFENDANTS. | * | |

*************************************************************************

Defendants, Allstate Agency, Laughlin & Associates Allstate Agency, and John Reed Laughlin, by and through their undersigned counsel and pursuant to the Federal Rule of Civil Procedure and 28 U.S.C. §§ 1441 and 1446, hereby submit this Notice of Removal and in support thereof state as follows:

1.     Plaintiff Vimombi Nshom commenced a civil action against the Defendants in the Superior Court of the District of Columbia, civil case number 2016 CA 822 B.

2.     A copy of the Complaint was served upon Defendants on February 26, 2016.

3.     Pursuant to 28 U.S.C. § 1446(b), the time for filing of this Notice of Removal has not yet expired.

4.     Pursuant to 28 U.S.C. § 1446(a), a copy of the pleadings and papers received by the Defendants are attached hereto as Exhibit 1.

5.     This Court has original jurisdiction under 28 U.S.C. § 1331 over this action because it is a civil action arising under the laws of the United States.  Specifically, the action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as well as state law.

6.     This action may be removed to this Court by the Defendants under 28 U.S.C. § 1441.

7.      Pursuant to the requirements of 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of this action.

8.      Pursuant to the requirements of 28 U.S.C. § 1446(d), counsel for the Defendants promptly after the filing of this Notice of Removal, give written notice to all adverse parties and shall file a copy of this Notice with the Clerk of the Superior Court for the District of Columbia.

WHEREFORE, for the foregoing reasons, all of the Defendants in the above-captioned action request that this action now pending in the Superior Court for the District of Columbia be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com

*Counsel for Defendants, Laughlin &
Associates Allstate Agency, and John Reed
Laughlin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2016, a true and correct copy of the foregoing Notice of Removal was served by first-class mail, postage prepaid, on:

A.J. DHALI, ESQ.
1828 L. Street NW Suite 600

Washington, D.C. 20036
ajdhali@dhalilaw.com

_____-S-_____
Michael K. Amster

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIMOMBI NSHOM                                    *
                                                 *
        PLAINTIFF,                               *
                                                 *
            v.                                   *        Case No.:
                                                 *
ALLSTATE CORPORATION, ET. AL.                    *
                                                 *
        DEFENDANTS.                              *
*****************************************************************************

## NOTICE OF CONSENT

Defendant Allstate Corporation consents to the removal of this pending case from the

Superior Court for the District of Columbia to the United States District Court for the District of

Columbia.

Robert G. Lian, Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
Tel:  (202) 887-4000
Fax:  (202) 887-4288
blian@akingump.com

Attorney for Defendant Allstate Corporation

Dated: March 17, 2016.

# EXHIBIT 1

Filed
D.C. Superior Court
02/08/2016 16:59PM
Clerk of the Court

1
2
3        SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
4                        Civil Division
5
6   Vimombi Nshom                  )
    231 N. Thomas Street.          )   Case No.: **2016 CA 000822 B**
7   Arlington VA 22203             )
8        Plaintiff,                )
                                   )   CIVIL COMPLAINT
9       vs.                        )   **For Violations of:**
10  Allstate Corporation.          )   **(1) Fair Labor Standards Act**
    2775 Sanders Road. Suite F7. Northbrook, IL. )  **(2) D.C. Wage Payment and Collection Law**
11  60062; Laughlin & Associates Allstate  )  **(3) D.C. Minimum Wage Act**
    Agency; & John Reed Laughlin   )   **(4) Breach of Contract**
12  4542 42nd Street. NW. Suite 203 )    **Jury Demand**
13  Washington D.C. 20016          )
14       Defendants.               )
15
16                    **PLAINTIFF'S INTRODUCTION**
17       Pursuant to Superior Court Rules of Civil Procedure 3 and 8, and the plausibility
18
19  standards of *Iqbal*[1] and *Twombly*,[2] the Plaintiff Vimombi Nshom (Vimombi) by and through her
20  undersigned counsel Dhali PLLC bring this action for unpaid wages against the defendant
21  employer Allstate Insurance as under the Fair Labor Standards Act (FLSA), the D.C. Wage
22
23  Payment Collection Law (DCWPCL) and the D.C Minimum Wage Act (DCMWA).
24       Vimombi was employed by Laughlin & Associates Allstate Agency (L&A) as a "Sales
25  Professional" from May 2014 – August 6, 2014. At the time of her interview and hire, she was
26
27  told that she would be earning $13-$16 per hour and that she would be working on office
28
29  _____
    [1] *Ashcroft v. Iqbal*, 556 U.S 662 (2009)
30  [2] *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007); *Johnson v. City of Shelby*, 574 U.S. ___
31  (2014) ("Having informed the city of the factual basis for their complaint, they were required to
    do no more to stave off threshold dismissal for want of an adequate statement of their claim. See
32  Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e).")

1
2
3 administrative tasks (filing, answering of telephone calls etc).  Upon the issuance of her

insurance license, she continued to engage in office administrative matters, in this case:

4 answering telephone calls, filings, processing payments and other written correspondence. She

5
6 was never employed as a sales, or "outside salesperson" as this term is defined under 29 C.F.R. §

7 541 and Chapter 9, Title 7 § 999 of the District of Columbia Municipal Regulations (DCMR).

8           During her employment with L&A she was first told to "shadow" the senior agents and

9
10 learn the insurance business from them. She did so for ten days. She then underwent training in

11 the month of June 2014. She worked 56 hours of training time for this month. She was never

12 paid for her 56 hours of training. From July 1, 2014-July 15, 2014 she worked 7 hour days for

13
14 ten (10) days. Again she was never paid for these ten days. After July 15, 2014 to the last day of

15 her employment on August 6, 2014, she worked 4 hours/day or 64 hours for this period and

16
17 again received no salary or income for work performed.  When she asked Mr. Laughlin for

18 payment, he wrote her a combined check of $650 for all hours worked from May 2014 to August

19 2014. For the duration of her employment from May – August 2014, she was making less than

20
21 the minimum wage applicable in the District.

22           Consequently an action for unpaid wages, penalties, interest, liquidated damages, and

23 attorney's fees as under the federal and District wage laws now follows against the Defendants.

24
25                                         **Part I. Parties**

26    1.   The Plaintiff Vimombi Nishom is a female and a college graduate. She was employed

27         by Laughlin & Associates Allstate Agency from July 3, 2014 to August 6, 2014. She

28
29         was interviewed by the principal Mr. Reed Laughlin.  While here she worked on

30         administrative matters. Throughout her employment Vimombi was an employee as

31
32

under D.C. Code § 2-1401.02 (9), D.C. Code §32-1002 (2), D.C. Code § 32-1301 (2), and 29 U.S.C. § 203 (e).

2. Allstate Corporation is a national insurance company in the business of selling insurance products and other financial instruments. Its stock is traded in the New York Stock Exchange (Symbol: All) and has 37,000 employees with approximately $32 billion in revenue. As part of its insurance operations it has entered into agreements with local and D.C. businesses for purchase and sale of insurance products. Allstate is an employer as under D.C. Code § 2-1401.02 (10), D.C. Code §32-1002 (2), D.C. Code § 32-1301 (1) and 29 U.S.C. § 203 (d).

3. Laughlin & Associates Allstate Agency is an insurance company that sells life, car and home insurance and other financial products[3]. They are an agent or franchisee of Allstate Corporation. The Principal of Laughlin & Associates Allstate Agency is Mr. John Reed Laughlin. Laughlin & Associates Allstate Agency is an employer as under D.C. Code § 2-1401.02 (10), D.C. Code §32-1002 (2), D.C. Code § 32-1301 (1) and 29 U.S.C. § 203 (d).

4. Mr. John Reed Laughlin is the Principal and owner of Laughlin & Associates Allstate Agency. Mr. Laughlin interviewed the Plaintiff and terminated the Plaintiff. He also entered into contracts with the Plaintiff in regards to her compensation and salary including in this case the scheduling of her work hours, trainings ordered, assignments and tasks while at work and other terms and conditions of employment.

---

[3] Additional information on Laughlin & Associates can be learned from their facebook page at
https://www.facebook.com/LaughlinAssociatesAllstateAgency/info?tab=overview (last visited April 15, 2015)

Mr. Laughlin is an employer as under D.C. Code §32-1002, D.C. Code § 32-1301 and 29 U.S.C. 203.

## Part II. Jurisdiction & Venue

5. This Court has subject matter jurisdiction over the claims as under D.C. Code Ann. § 32-1308, D.C. Code § 32-1012, D.C. Code § 11-921 and 29 U.S.C. § 216 (b).

6. This Court has personal jurisdiction over the Defendants pursuant to D.C. Code Ann § 13-423.

7. Venue is proper in Washington D.C., because the Plaintiff accrued her wages while working for the Defendants in Washington D.C. Defendants business and contracts are located in the District of Columbia. Defendants also transacted business in the District of Columbia and employed staff and utilized services within the District of Columbia. Additionally, Mr. Laughlin keeps his business records in the District of Columbia and also travels daily to and from the District of Columbia managing his business operations. Plaintiff was also hired and fired in the District of Columbia.

## Part III: Statement of Facts

8. Between March 27, 2014 and April 21, 2014 Vimombi interviewed with John Reed Laughlin, owner, operator and principal of "Laughlin & Associates Allstate Agency" for the position of an insurance agent.

9. In all 3 interviews, Vimombi and Mr. Laughlin went through the Plaintiff's prior pay history and determined that the Plaintiff would be getting paid at $16 per hour. During these interviews, Mr. Laughlin also discussed her job duties and informed

Vimombi that she would be engaging in duties similar to an administrative person in a bank, in this case, answering telephone calls, preparing written and electronic documents and other similar duties.

10. At the conclusion of the third (3rd) interview, it was agreed between Vimombi and Mr. Laughlin, that she would come on board as an "insurance agent" and that the Defendant would pay for her property and casualty insurance exams, so she could sell auto, home and renters insurance. She was informed that she would be selling insurance by cold calling potential customers.

11. At the 3rd interview she was also told that it would be beneficial to both her and the Defendants that she arrive at the office daily, so in this way, she could also learn from the Senior Agent Ms. Crystal Scott. She was then told to start in May 2014.

12. In May 2014, Vimombi came to the office for a total of 10 days, working from the hours of 9 am to 6 pm. While in the office she studied and shadowed primary sales agent, Crystal who processed payments, quoted callers, researched documents for compliance, managed accounts, etc.)

13. During this period, Vimombi also started studying for her insurance exams. She passed the Property and Casualty Exam on May 29, 2014.

14. Consequently, upon passing the exam, she was told by the Defendants to complete mandatory orientation training, so she can be employed with the Defendants.

15. In June 2014 She underwent mandatory training. Phase I of this training required her to attend two (2) days of video learning. She watched these videos from 9 am to 3 pm.

16. Phase II of the training required her to work approximately 6.5 hours per day for 10 working days (or 1.5 weeks). She was to build her skill set to successfully sell insurance. In this case to memorize and understand different insurance products, like the differences between home and condo insurance, or the steps to take within the Allstate sales application to walk a prospective client through a quote; likely scenarios where a client would need insurance; common objectives and how to thoroughly communicate insurance benefits with customers. At the end of these assignments, she would then submit the assignments to the Defendants for grading. Additionally, she was also required to report to work and answer telephone calls, report to customer enquiries on the phone or those that walked in, and engage in other office matters.

17. In June 2014, she sent an email to Mr. Laughlin enquiring about the payment of wages for the training. After sending a number of emails, Mr. Laughlin agreed to reimburse Vimombi $500.

18. Vimombi became a licensed sales agent with the Defendants on July 2, 2014.

19. From July 1, 2014, to July 15, 2014, per the instructions of the Defendants and Mr. Laughlin, she was asked to report to work on a daily basis for 6 hours per day, or from 9 am to 3 pm. At the office, she would again engage in office administrative matters in this case, answering telephone calls, processing customer payments on the computer, providing insurance quotes on the telephone and other office or filing matters.

20. Sometime in the 2nd week of July 2014, she again brought up her compensation and if she was going to get paid for the previous weeks work. Mr. Laughlin then informed

Vimombi, that he would be going on vacation soon and that she would only be compensated for coming to the office for the hours of 9am-12/1pm.

21. She was also told that while he was on vacation she would need to report to work for 2 days only because he needed someone to answer the telephone calls and other office matters while he was out of the office.

22. In the 3rd week of July, she and Mr. Laughlin had another discussion on wages and that because he was not compensating her, she was going to balance the hours from her second job. Mr. Laughlin then told Vimombi that she was to work 4 hours/day for the remainder of the month or until the day of her resignation August 6, 2014.

23. On August 1, 2014, she saw that the Defendants had deposited $150 for all the hours worked for the month of July 2014. She had worked a total of 100 hours in July 2014.

24. On August 5, 2014, she informed the Defendants that she could not work without a salary, and that she was going to work full time at a restaurant as a waitress. She also asked if she would be getting paid for her hours worked in July 2014 through August 5, 2014. Mr. Laughlin said that he would, and that payment would be forthcoming in the next pay cycle.

25. As of the date of this complaint, no payment of wages has been made by the Defendants for all her work performed for the month of July 2014 and August 2014. Additionally, no other payment of wages has also been paid for the training and other work performed in the month of June 2014.

26. As a national employer, the Defendants have a rudimentary understanding of the wage and hours laws as under the Federal and District wage laws. Despite this

knowledge, and repeated attempts by Vimombi to demand payment for her work,

Defendants have not paid the Plaintiff. Defendants actions for non-payment of wages

have been intentional and without excuse.

### Part IV. Causes of Action.

### Count I. Violation of the Fair Labor Standards Act (FLSA)

27. Plaintiffs alleges and incorporates by reference all of the above allegations.

28. Under the FLSA, the minimum wage is required to be paid by the employer to any

    qualifying employee paid on an hourly basis.

29. Defendants violated the FLSA willfully and in bad faith as Defendants knew Plaintiff

    was not receiving her wages.

30. Defendants also violated the FLSA by withholding her wages and not paying the

    Plaintiff in a timely manner, including wages for trainings held.

31. Under the FLSA, any employer who pays any employee less than the wage to which

    that employee is entitled shall be liable to that employee in the amount of the unpaid

    wages, and an additional amount as liquidated damages for a willful violation.


### Count II. D.C. Wage Payment And Wage Collection Act (DCWPCL)

32. Plaintiffs alleges and incorporates by reference all of the above allegations.

33. Under the D.C. Wage Payment and Wage Collection Act, every employer shall pay

    all wages earned to his employees at least twice during each calendar month, on

    regular paydays designated in advance by the employer; provided, however, that an

    interval of not more than 10 working days may elapse between the end of the pay

    period covered and the regular payday designated by the employer.

34. Upon observation and belief, there was no bona fide dispute over the amount of wages conceded to be due. Defendants have violated the D.C. Wage Payment and Wage Collection Law when it withheld wages from the Plaintiffs by failing to pay wages in a timely manner.

35. Due to Defendants' D.C. Wage Payment and Wage Collection Law violations, the Plaintiff is entitled to her hourly compensation and liquidated damages in an equal amount pursuant to D.C. Code 32-1308(a).

## Count III. D.C. Minimum Wage Act (DCMWA)

36. Plaintiff alleges and incorporates by reference all the allegations above.

37. Under the DCMWA, the minimum wage is required to be paid by the employer to any qualifying employee paid on an hourly basis.

38. Defendants violated the DCMWA willfully and in bad faith as Defendants knew Plaintiff was not receiving her wages.

39. Defendants also violated the DCMWA by withholding her wages and not paying the Plaintiff in a timely manner, including wages for trainings held.

40. Under the DCMWA, any employer who pays any employee less than the wage to which that employee is entitled shall be liable to that employee in the amount of the unpaid wages, and an additional amount as liquidated damages for a willful violation.

## Count IV. Breach of Contract

41. Plaintiff alleges and incorporates by reference all the allegations above.

42. Plaintiff had a contract for employment, terms and/or compensation as outlined in defendant's offer of employment to the Plaintiff.

43. By refusing to pay the Plaintiff her wages as they became earned, owed and vested, defendant violated the terms of their offer.

44. By reasons of defendant's breach, Plaintiff is entitled to all legal and equitable remedies.

**WHEREFORE** for all the reasons above,

    a.  That this Court enter judgment against the Defendants

    b.  That the Court award Plaintiff damages in the amount equal to all of her accumulated lost wages, including punitive or liquidated damages, plus pre-judgment and post judgment interest and any other damages permitted in an amount no less than $27,000.00

    c.  That the Court also award Plaintiff payment of all fees, costs and expenses inclusive of attorney's fees, expert fees, and court costs for bringing this instant action.

**Jury Demand**

Plaintiff hereby requests a trial by jury on all her claims.

Respectfully Submitted,

/s/ A.J. Dhali, Esq.
D.C. Bar No. 495909
*Counsel for Plaintiff Vimombi Nshom*
Dhali PLLC
1828 L. Street. NW. Suite 600
Washington D.C. 20036
T: (202) 556-1285
F: (202) 351-0518
ajdhali@dhalilaw.com

February 2, 2016



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Vimombi Nshom
_____
                              Plaintiff

vs.                                           Case Number  **2016 CA 000822 B**

John Reed Laughlin
_____
                              Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

A.J Dhali, Esq. Dhali PLLC
_____
Name of Plaintiff's Attorney

1828 L. Street. NW. Suite 600
_____
Address
   Washington DC 20036

202-556-1285; email: ajdhali@dhalilaw.com
_____
Telephone

*Clerk of the Court*

By _____
                              Deputy Clerk

Date  **02/04/2016**

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오   የትርጉም ተናጋሪ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Vimombi Nshom
_____
                                    Plaintiff

vs.                                                    Case Number    2016 CA 000822 B

Laughlin & Associates Allstate Agency
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

A.J Dhali, Esq. Dhali PLLC                                  _Clerk of the Court_
_____
Name of Plaintiff's Attorney

1828 L. Street. NW. Suite 600                   By _____
_____                              Deputy Clerk
Address
     Washington DC 20036

202-556-1285; email: ajdhali@dhalilaw.com        Date        02/04/2016
_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                 CASUM.doc

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VIMOMBI NSHOM
Vs. C.A. No. 2016 CA 000822 B
ALLSTATE CORPORATION et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MARISA J DEMEO
Date: February 4, 2016
Initial Conference: 9:30 am, Friday, May 13, 2016
Location: Courtroom A-50
515 5th Street N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc